**Linda INGRAM, on behalf of herself and all others similarly situated, and the Philadelphia Welfare Rights Organization**

v.

**Helen O'BANNON et al.**

**Civ. A. No. 78–86.**

United States District Court,
E. D. Pennsylvania.

Dec. 23, 1980.

Deborah Harris, Community Legal Services, Philadelphia, Pa., for plaintiffs.

John G. Knorr, III, Deputy Atty. Gen., Commonwealth of Pa., Dept. of Justice, Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs Linda Ingram and the Philadelphia Welfare Rights Organization seek declaratory and injunctive relief with respect to the administration and delivery of services by defendant officials of the Pennsylvania Department of Public Welfare and the Philadelphia County Board of Assistance under Title XX of the Social Security Act, 42 U.S.C. §§ 1397–1397f (1976). Plaintiffs have two principal claims: (1) that defendants have failed to provide services which they list in their state-wide plan as available and (2) that in failing to provide these services, they have not given applicants written notice of denial and right to appeal. The plaintiffs assert that these ac-

tivities violate both the due process clause of the fourteenth amendment of the United States Constitution and the Social Security Act.

The plaintiffs ask that the case be permitted to proceed as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure "on behalf of all persons residing in Philadelphia who have been, are, or will be financially eligible for and in need of Title XX social services, who have requested or will request such services for which they are eligible." For reasons stated below, plaintiffs' motion will be granted, but for a more limited class.

Rule 23 establishes these prerequisites to the maintenance of a class action:

(1) The class must be so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the respective parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately represent the class interests. Fed.R.Civ.P. 23(a). Rule 23(b)(2) imposes a further requirement that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

Plaintiff Linda Ingram applied for "homemaker" services on three occasions and did not receive them although she was allegedly eligible. See Complaint, Exhibit A; Affidavit of Linda Ingram; and Defendants' Memorandum of Law opposing Plaintiffs' motion for Partial Summary Judgment 10–11 (statement of undisputed facts). Ms. Ingram did not receive written notice of her right to appeal, although in fact she did appeal. Thus, in the context of homemaker service her case is typical of the claims which the plaintiffs assert—(1) failure to provide services to allegedly eligible applicants and (2) failure to give notice of denial and right to appeal. Plaintiffs have developed through the depositions of persons employed by the defendants or under contract to the defendants, numerous other case histories of persons who applied for the same service, but did not receive it, and in some cases, did not receive written notice of denial or of their right to appeal from the denial. See Depositions of David Jones and Anne Marie Enoch. In addition to the potential class members who were deprived of homemaker services, plaintiff includes the case histories of some individuals who were denied other Title XX services, such as day care, housing and employment services. Despite these case histories, the vast majority of the putative class plaintiffs were deprived only of homemaker services and that is the only service of which the named plaintiff was deprived.

Turning to the requirements of Rule 23, I conclude that plaintiffs have not met the requirements of common issues of law and fact, typicality, adequate representation of class members or the additional requirements of 23(b)(2) under their proposed definition of the class.

Since there are approximately 23 Title XX services included in the Pennsylvania plan and since many of these services are provided, not by state or city agencies, but instead by numerous private contractors, the issues of the availability of these services and the processing of applications for each of these services will raise diverse questions of fact. Likewise, because of the organizational and budgetary differences among program areas, and the specialized client groups served by many of them (e. g., the aged, mentally disabled, children, delinquents, visually handicapped, etc.), plaintiff Ingram's claims would not be typical of those of the proposed class, nor could she adequately protect its interests, nor have the plaintiffs shown that the parties opposing the class acted or refused to act on grounds applicable to the entire class.

Although I reject the broad class definition suggested by the plaintiffs, I have considered whether it would be appropriate to permit plaintiffs to represent the more limited class of those who have been or will be denied *homemaker* service. I conclude that

with respect to this class the requirements of Rule 23 are met.

 The first requirement of Rule 23 is that the class be "so numerous that joinder of all members is impracticable." Fed. R.Civ.P. 23(a)(1). The fact that a substantial number of class members are unidentified favors a finding of numerosity. *See Doe v. Charleston Area Medical Center*, 529 F.2d 638, 645 (4th Cir. 1975). Joinder in this case is impracticable. It appears that a substantial number of eligible persons who requested the service but are not receiving it cannot be identified. The written requests for service apparently do not represent all those who applied. Deposition of Kay Williams. Some requests may never have been put in written form because the applicants or their income maintenance workers were deterred by a belief that the service was unavailable. Therefore, I conclude that the numerosity requirement is met.

Rule 23 next requires that the class share common issues of law or fact. The pivotal question of law as developed by the parties in cross-motions for summary judgment which are also pending before me is the meaning of the directive that services are to be provided with "reasonable promptness." *See* 42 U.S.C.A. § 1397b (d)(1)(A) (1976); 45 C.F.R. § 228.60(g) (3) (1979). It does not presently appear that the resolution of this question of interpretation will vary depending on the type of homemaker service requested. Accordingly, I conclude that common questions pertain to the delivery of homemaker services to all class members.

As I noted at the outset, Ms. Ingram's claims are typical of those of the class of persons who have been denied homemaker services. I conclude that both she and her counsel, Community Legal Services, are competent to represent the class. Hence, the requirements of typicality and adequacy of class representation are met.

Finally, Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). The Advisory Committee Notes to the 1966 Amendment of Rule 23 observe that (b)(2) classification is particularly appropriate where class "members are incapable of specific enumeration." 1966 Advisory Committee Note to Subdivision 23(b)(2). The practices and procedures which plaintiffs challenge are not unique to Ms. Ingram's case but rather were routine. Whether or not these procedures effected a denial of service or of a due process right to appeal a denial of service are unresolved questions. However, it is clear that if these questions are resolved in the plaintiffs' favor, injunctive relief would be appropriate to remedy these denials. In addition, as noted above in the discussion of the numerosity requirement, this case involves a class whose members are incapable of enumeration. This factor favors approval of a (b)(2) class. *See* Advisory Committee Notes, *supra*. Accordingly, I conclude that all the requirements of Rule 23 have been met and this case may be maintained on behalf of the following class: all those residing in Philadelphia who are or will be eligible for homemaker service, who have requested or will request this service, and who have not received or will not receive it. An appropriate order follows.